UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

HOSEA R. MOORE,

        Plaintiff,                      Case No. 14-10456

v                                    Honorable Thomas L. Ludington

RICHARD GOLDEN,
WILLIAM DINNERMAN,
and BRUCE HOLDEN,

        Defendants.

_____/

## ORDER DENYING LEAVE TO PROCEED WITHOUT PREPAYMENT OF FEES AND COSTS AND DISMISSING THE COMPLAINT UNDER 28 U.S.C. § 1915(g)

Plaintiff Hosea R. Moore, a state prisoner at Handlon Correctional Facility in Ionia, Michigan, has filed a pro se civil rights complaint under 42 U.S.C. § 1983 and an application to proceed without prepayment of the fees and costs for this action. The defendants are Dr. William Dinnerman, Dr. Bruce Holden, and Richard Golden, a prison official in Elmore County, Alabama. Plaintiff appears to allege that Drs. Dinnerman and Holden planted a computer microchip camera in his head during surgery on his ear drum in the 1980's. Plaintiff also appears to be claiming that unknown agents at the Handlon Correctional Facility are trying to kill him by remote control signals to the microchip camera inside his head. He maintains that these individuals will continue to try to murder him unless the microchip camera is surgically removed from his head. He seeks $30 million dollars in money damages and surgery on his ear drum to remove the computer microchip camera from his head.

**I**

Plaintiff has not paid the filing fee for this action and, as noted above, he seeks leave to proceed without prepayment of the filing fee and other costs for this action. Under the "three strikes" provision of the Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (1996), a prisoner may not proceed without prepayment of the filing fee in a civil action:

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . .

28 U.S.C. § 1915(g). An exception to this rule exists when "the prisoner is under imminent danger of serious physical injury." *Id*.

More than three of Plaintiff's prior complaints have been dismissed as frivolous or for failure to state a claim. *See, e.g., Moore v. Newton*, No. 99-60532 (E.D. Mich. Nov. 2, 1999); *Moore v. Kula*, No. 96-00262 (W.D. Mich. Apr. 25, 1996); *Moore v. Jackson, et al.*, No. 93-70760 (E.D. Mich. Mar. 15, 1993); *Moore v. Moore*, No. 90-72443 (E.D. Mich. Feb. 13, 1991). Furthermore, Plaintiff has been notified that he has three strikes. *See Moore v. Robert,* No. 06-11911 (E.D. Mich. Oct. 11, 2006). The only question, then, is whether Plaintiff is in imminent danger of serious physical injury.

> The Federal Court of Appeals for the Sixth Circuit recently explained that
>
> "[t]he imminent danger exception is essentially a pleading requirement subject to the ordinary principles of notice pleading." *Vandiver v. Vasbinder*, 416 Fed. Appx. 560, 562 (6th Cir. 2011). As such, a pro se plaintiff is "entitled to have his complaint liberally construed." *Id*. Because the exception constitutes a pleading requirement, a plaintiff "need[ ] only to assert allegations of imminent danger; he need not affirmatively prove those allegations at this stage of litigation." *Tucker v. Pentrich*, 483 Fed. Appx. 28, 30 (6th Cir. 2012). A plaintiff "must therefore show that his complaint alleged facts from which a court, informed by its judicial experience and common sense, could draw the reasonable inference that [he] was under an existing danger at the time he filed his complaint." *Taylor* [*v. First*

*Medical Management*, 508 Fed. Appx. 488, 492 (6th Cir. 2012)] (internal quotation marks omitted).

In order to allege sufficiently imminent danger, [the Sixth Circuit has] held that "the threat or prison condition must be real and proximate and the danger of serious physical injury must exist at the time the complaint is filed." *Rittner v. Kinder*, 290 Fed. Appx. 796, 797 (6th Cir. 2008) (internal quotation marks omitted). "Thus a prisoner's assertion that he or she faced danger in the past is insufficient to invoke the exception." *Id.* at 797–98; *see also Taylor*, 508 Fed. Appx. at 492 ("Allegations of past dangers are insufficient to invoke the exception."); *Percival v. Gerth*, 443 Fed. Appx. 944, 946 (6th Cir. 2011) ("Assertions of past danger will not satisfy the 'imminent danger' exception."); *cf. Pointer* [*v. Wilkinson*, 502 F.3d 369, 371 n.1 (6th Cir. 2007)] (implying that past danger is insufficient for the imminent-danger exception).

In addition to a temporal requirement, [the Sixth Circuit has] explained that the allegations must be sufficient to allow a court to draw reasonable inferences that the danger exists. To that end, "district courts may deny a prisoner leave to proceed pursuant to § 1915(g) when the prisoner's claims of imminent danger are conclusory or ridiculous, or are clearly baseless (i.e. are fantastic or delusional and rise to the level of irrational or wholly incredible)." *Rittner*, 290 Fed. Appx. at 798 (internal quotation marks and citations omitted); *see also Taylor*, 508 Fed. Appx. at 492 ("Allegations that are conclusory, ridiculous, or clearly baseless are also insufficient for purposes of the imminent-danger exception.").

*Vandiver v. Prison Health Services, Inc.*, 727 F.3d 580, 585 (6th Cir. 2013).

Plaintiff alleges that unknown agents are trying to kill him through remote control signals to the microchip camera in his head. Even under a liberal construction of the complaint, this allegation is delusional, irrational, and incredible. The Court therefore reasonably infers that Plaintiff was not in imminent danger of serious physical injury when he filed his complaint and that his allegations do not warrant application of the "imminent danger" exception in § 1915(g).

**II**

Accordingly, it is **ORDERED** that Plaintiff's application to proceed without prepayment of the fees and costs for this action (ECF No. 2) is **DENIED**.

It is further **ORDERED** that the complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(g). Plaintiff may file a new complaint with

- 4 -

prepayment of $350.00 for the filing fee and an administrative fee of $50.00. And because Plaintiff has "three strikes," he must prepay the appellate filing fee if he pursues an appeal.

                                      s/Thomas L. Ludington
                                      THOMAS L. LUDINGTON
                                      United States District Judge

Dated: March 13, 2014

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail and on Hosea Moore #201099, Handlon Correctional Facility, 1728 Bluewater Highway, Ionia, MI 48846 on March 13, 2014.

                          s/Tracy A. Jacobs
                          TRACY A. JACOBS